JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HIGS TICKETS, INC., a Massachusetts corporation, HIGS CITYSIDE TICKETS, INC., a Massachusetts corporation, JOHN HIGGINS, PATRICK HIGGINS, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. CV-13-7630 ABC (JCx)<br><br>Hon. Audrey B. Collins<br><br>**[~~PROPOSED~~] ORDER RE: PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE** |

WHEREAS, plaintiff Ticketmaster L.L.C. ("Ticketmaster") and defendants Higs Tickets, Inc., Higs Cityside Tickets, Inc., John Higgins, and Patrick Higgins ("Defendants") have filed a stipulation stating that Ticketmaster and Defendants have entered into a settlement agreement that provides, among other things, for the mutual release of claims, entry of a permanent injunction against Defendants in accordance with the terms stated in the stipulation, and the dismissal of all claims against Defendants with prejudice.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Each Defendant and all those under their respective direction or control or acting in concert with any of them, including without limitation each Defendant's agents, employees, successors, and assigns, are permanently enjoined from:

    a. Creating or using computer programs or automated devices to search for, reserve, or purchase tickets from www.ticketmaster.com (the "Website"), faster than human beings can manually enter into the Website the information needed to obtain information about, reserve, or purchase tickets from the Website;

    b. Creating or using computer programs, automated devices, or other methods to circumvent CAPTCHA or any other software program integrated into the Website's customer interface to distinguish computer programs or automated devices from human customers;

    c. Infringing any of Ticketmaster's copyrights in the course of purchasing or attempting to purchase tickets from the Website;

    d. Exceeding web page request limits, reserve request limits, or per-event ticket limits that are disclosed or otherwise posted on the Website; and

    e. Conspiring with anyone else to engage in any of the above activities.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

311201765.1

[PROPOSED] ORDER RE PERM.
INJUNCT. AND DISMISSAL

2. No one subject to this injunction shall be found in violation of the injunction solely because he or she has unknowingly purchased tickets from, sold tickets to, or otherwise conducted business with a third party who Ticketmaster alleges has or is engaged in the above proscribed activities.

3. Except as adjudicated herein, all claims asserted by Ticketmaster against Defendants shall hereby be dismissed with prejudice.

4. Ticketmaster and Defendants shall all pay their own legal fees and costs incurred in connection with this action.

5. This Court shall retain continuing jurisdiction over Ticketmaster and Defendants to enforce this stipulation and the proposed order.

SO ORDERED.

Dated this 7th day of February, 2013

*Audrey B. Collins*

_____
HON. AUDREY B. COLLINS
United States District Judge